NORA M. MANELLA
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KURT RAMLO
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California  90012-9834
    Telephone:  (213) 894-8792

Attorneys for Federal Defendant
Department of Veterans Affairs
San Diego Office

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MUHAMMAD YUNIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF VETERANS AFFAIRS SAN DIEGO OFFICE,<br><br>    Defendant. | CV-97-7863-RAP (CTx)<br><br>STIPULATION TO VACATE DEFAULT JUDGMENT, TO QUASH WRIT OF POSSESSION AND NOTICE TO VACATE, TO DISMISS COMPLAINT WITH LEAVE TO AMEND; [proposed] ORDER THEREON |

STIPULATION

    The parties make the following representations to the Court in support of their stipulation to vacate default judgment, to quash writ of possession and notice to vacate, and to dismiss complaint with leave to amend.

    1.   On October 10, 1997, Plaintiff filed a complaint for unlawful detainer against the "Department of Veterans Affairs San Diego Office" (the "VA") in the "Consolidated Courts of Riverside County," Case No. 303281.  In the complaint, Plaintiff claimed ownership of the real property commonly known as 5981 Sky Meadow

1  Street, Riverside, California (the "Property"), alleging that the VA
2  had lost title to the Property at a trustee's sale/public auction.
3  The Secretary of Veterans Affairs claims that he now owns, and at
4  all pertinent times owned, the Property.

5      2.   Plaintiff delivered the summons and complaint to the
6  Regional Office of the Department of Veterans Affairs on October 23,
7  1997.  Plaintiff did not deliver the summons and complaint to the
8  United States Attorney or the Attorney General.

9      3.   Pursuant to California law, defendants have five days in
10 which to answer or otherwise respond to an unlawful detainer
11 complaint.  Cal. Civ. Proc. Code §§ 1167, 1167.3.  Less than five
12 days after receiving the complaint, the VA removed the state-court
13 action to this Court by filing a Notice of Removal of Civil Action
14 by Federal Defendant ("Notice of Removal") on October 27, 1997.  On
15 October 28, 1997, the VA served on Plaintiff by mail the Notice of
16 Removal, a Notice to Adverse Party of Removal to Federal Court
17 ("Notice to Adverse Party"), and a Certificate of Service of Notice
18 to Adverse Party to Removal to Federal Court.  Also on October 28,
19 1997, the VA mailed for filing with the Riverside County Superior
20 Court the original Notice to Adverse Party, which notice was filed
21 on October 31, 1997.

22     4.   On October 29, 1997, Plaintiff obtained the issuance of a
23 Writ of Possession of Real Property ("Writ") from the Riverside
24 County Superior Court Clerk.  The Writ states that Plaintiff
25 obtained a default judgment from the Superior Court on October 29,
26 1997.  On October 30, 1997, Plaintiff caused the Riverside County
27 Sheriff's Office to issue a Notice to Vacate to the VA.  (The
28 ///

Sheriff subsequently agreed to suspend enforcement of the Notice to Vacate after being notified of the removal to federal court.)

    5.   The VA contends, and Plaintiff elects not to contest, that the default judgment should be vacated, the Writ and Notice to Vacate quashed, and the complaint dismissed without prejudice because:

    a.   Congress has not waived sovereign immunity against state-court unlawful detainer actions against the United States or its property. See 28 U.S.C. § 2409a (Quiet Title Act); Block v. North Dakota, 461 U.S. 273, 280-85, 103 S. Ct. 1811, 1816-18 (1983) (§ 2409a provides exclusive means by which title and possession to real property in which the United States claim an interest may be litigated). The United States District Court has exclusive jurisdiction over suits under the Quiet Title Act. 28 U.S.C. § 1346(f).

    b.   Plaintiff's process and service of process solely on the San Diego Office of the VA were insufficient because:

    (1) California law does not authorize service on the United States, see Cal. Civ. Proc. Code §§ 415.10-.90, or, to the extent California law might permit service, Plaintiff did not serve the persons authorized to accept service on behalf or the VA, i.e., the Attorney General and the United States Attorney. See Cal. Civ. Proc. Code § 415.90.

    (2) Plaintiff did not serve the United States Attorney and the Attorney General, as required by Fed. R. Civ. P. 4(i).

///

3

c.  The "Department of Veterans Affairs San Diego Office" is not a proper party because it is not a suable body corporate or entity and Congress has not authorized it to be sued eo nomine. See Tietjen v. United States Veterans Administration, 692 F. Supp. 1106, 1108 (D. Ariz. 1988), aff'd on other grounds, 884 F.2d 514 (9th Cir. 1989); cf. Blackmar v. Guerre, 342 U.S. 512, 72 S. Ct. 410 (1952) (holding that Civil Service Commission was not a suable entity).

d.  All proceedings in the state court conducted after removal are void. 28 U.S.C. § 1446(d); Allstate Ins. Co. v. Superior Court, 132 Cal. App. 3d 670, 676, 183 Cal. Rptr. 330 (1982). This Court obtained removal jurisdiction for all purposes over the unlawful detainer proceeding on October 27, 1997, when the Federal Defendant filed its notice of removal. See Hornung v. Master Tank & Welding Co., 151 F. Supp. 169, 171 (D.N.D. 1957). The filing of the Notice to Adverse Party with the state court on October 31, 1997 operated retroactively to effect removal as of the date of the October 27 filing in district court. Id. But see Anthony v. Runyon, 75 F.3d 210, 213-14 (8th Cir. 1996) (removal non-retroactively effective upon filing in state court).

WHEREFORE, IT IS STIPULATED by the parties, through their attorneys of record, that the default judgment may be vacated, the Writ and Notice to Vacate quashed, and the complaint dismissed without prejudice on the grounds of (1) sovereign immunity; (2) lack of subject matter jurisdiction, (3) insufficiency of process and service of process, and (4) failure to name a suable entity. In addition, the default judgment and post-judgment process may vacated

or quashed on the ground of voidness arising from post-removal proceedings barred by 28 U.S.C. § 1446(d).

IT IS FURTHER STIPULATED that Plaintiff may have until February 6, 1998, in which to file an amended complaint stating a claim for relief under the Quiet Title Act, 28 U.S.C. § 2909a.

Dated:  
NORA M. MANELLA  
United States Attorney  
LEON W. WEIDMAN  
Assistant United States Attorney  
Chief, Civil Division

_____  
KURT RAMLO  
Assistant United States Attorney

Attorneys for Federal Defendant  
Department of Veterans Affairs San Diego Office

Dated:  
_____  
JAMES J. MAZZEO  
Attorney for Plaintiff  
Muhammad Yunis

ORDER

Based on the foregoing representations and stipulation, and good cause appearing therefor,

IT IS ORDERED that:

1. The October 29, 1997 default judgment is vacated;
2. The October 29, 1997 Writ of Possession of Real Property is quashed;
3. The October 30, 1996 Notice to Vacate is quashed;
4. The complaint is dismissed without prejudice; and

///


   5.   Plaintiff may, no later than February 6, 1998, amend the complaint to state a cause of action under the Quiet Title Act, 28 U.S.C. § 2409a.

Dated: Jan 26, 98

RICHARD A. PAEZ
UNITED STATES DISTRICT JUDGE

YUNIS v. DEPT. OF VA

PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On **January 23, 1998**, I served **STIPULATION TO VACATE DEFAULT JUDGMENT, TO QUASH WRIT OF POSSESSION AND NOTICE TO VACATE, TO DISMISS COMPLAINT WITH LEAVE TO AMEND; [PROPOSED] ORDER THEREON** on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: **January 23, 1998**. Place of mailing: **Los Angeles, Ca**.

**Addressed to:** JAMES J. MAZZEO
2356 MOORE STREET
SUITE 103
SAN DIEGO, CA 92110

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 23, 1998**, at Los Angeles, California.

MARTHA A. JIMENEZ