1  DEBRA W. YANG
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   RUSSELL W. CHITTENDEN
4  Assistant United States Attorney
   California State Bar No. 112613
5       Room 7516, Federal Building
        300 North Los Angeles Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2444
7       Facsimile: (213) 894-7327

8  Attorneys for Defendants
   United States of America
9  Department of Veterans Affairs
   Counterclaimant United States of America

10

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  MUHAMMAD YUNIS,                    ) CASE NO.: CV 97-7863 RAP (Ctx)
                                       )
14            Plaintiff,              ) STIPULATION FOR COMPROMISE
                                       ) SETTLEMENT; [PROPOSED] CONSENT
15       vs.                           ) ORDER
                                       )
16  UNITED STATES OF AMERICA,          )
    DEPARTMENT OF VETERANS             )
17  AFFAIRS and DOES 1 THROUGH         )
    10, INCLUSIVE,                     )
18                                     )
              Defendants.              )
19  _____)
                                       )
20  UNITED STATES OF AMERICA,          )
                                       )
21            Counterclaimant,         )
                                       )
22       vs.                           )
                                       )
23  MUHAMMAD YUNIS, Individually )
    and as Trustee of the Sky         )
24  Meadow Street Trust UDT            )
    9/11/97; KENDALL L. ANGELL,        )
25  as Trustee for the Angell          )
    Family Trust UDT 6/20/97;          )
26  SKY MEADOW ASSOCIATION, a          )
    California non-profit              )
27  corporation; and COAST             )
    ASSESSMENT SERVICE COMPANY,        )
28  a California corporation,          )
                                       )
              Counterdefendants,       )
                                       )

CLERK, U.S. FILED
05-02-03
MAY - 7 2003
OF CALIFORNIA
DEPT.

LODGED
CLERK, U.S. DISTRICT COURT
APR 23 2003
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

___ Priority
 ✓  Send
___ Clsd
 ✓  Enter
___ JS-5/JS-6
___ JS-2/JS-3

ENTERED
MAY 7 2003
CV

<u>STIPULATION FOR COMPROMISE AGREEMENT</u>

The parties, Plaintiff Muhammad Yunis, Defendant and counterclaimant Secretary of Veterans' Affairs ("VA"), and counterdefendants Association ("Sky Meadow" or the "HOA"), Coast Assessment Service Company ("Coast Assessment" or the "Foreclosure Company") and Muhammad Yunis, Individually and as Trustee of the Sky Meadow Street Trust UDT Dated 9/11/1997 ("Yunis" or the "High Bidder"), and Kendall L. Angell, as Trustee for the Angell Family Trust UDT 6/20/97 ("Angell") by and through their respective attorneys, stipulate as follows:

<u>Recitals</u>

1.   On or about September 18, 1996, VA became the owner of the real property located at and commonly known as 5981 Sky Meadow Street, Riverside, California, 92509, demoninated tax parcel number 181 261 012, the legal description of which is:

> Lot no. 12 of tract no. 11201, as shown by map on file in book 111 page(s) 99, 100, 101 and 102 of maps, records of Riverside County, California;
>
> Excepting therefrom all minerals, oil, gas, petroleum, other hydrocarbon substances in or under or which may be produced from said land which underlies a plane parallel to and 550 feet below the surface of said land for the purposes of prospecting for, the exploration, development, production, extraction and taking of said minerals, oil, gas, petroleum, other hydrocarbon substances from said land by means of mines, wells, derricks or other equipment form surface locations on adjoining or neighboring land lying outside of the above-described land, it being understood that the owner of such minerals, oil, gas, petroleum, other hydrocarbon substances, as set forth above, shall have no right to enter upon the surface of the above-described land nor to use any of said land or any portion thereof above said plane parallel to and 550 feet below the surface

2

1                of said land for any purpose whatsoever, as
2                reserved in Citation Homes, a general
                  partnership, in deed recorded June 24, 1983
3                as instrument no. 126436 of official
                  records of Riverside County, California.

4  (The "Property".)

5      2.   The Property is located within an area subject to a

6  prior recorded Declaration of Covenants, Conditions, and

7  Restrictions that established a planned unit development

8  ("PUD").  The PUD is governed by the homeowners association

9  Sky Meadow.  VA failed to pay timely assessments imposed by

10  the HOA pursuant to California law.

11      3.   Utilizing procedures provided by California law, the

12  HOA commenced nonjudicial foreclosure proceedings against VA.

13  The HOA contends that, with the assistance of or through the

14  Foreclosure Company, it imposed and foreclosed a lien against

15  the Property for the unpaid assessments by, among other

16  things, mailing to VA a pre-lien demand, mailing to VA and

17  recording a notice of delinquent assessment, mailing to VA and

18  recording a notice of trustee's sale and conducting a public

19  auction of the Property on September 11, 1997.

20      4.   The High Bidder purported to purchase the Property at

21  the foreclosure sale conducted by the Foreclosure Company.

22  The High Bidder represents that the High Bidder paid $2,186.75

23  to the Foreclosure Company.  The Foreclosure Company executed

24  a trustee's deed to the High Bidder, which deed was

25  subsequently recorded.  The Foreclosure Company forwarded to

26  the HOA the portion of the foreclosure sale proceeds equal to

27  the amount of unpaid assessments as of the foreclosure sale

28  date.

1   5. Counterdefendant Kendall L. Angell contends that he

2 paid plaintiff and counterdefendant Muhammad Yunis $48,600.00

3 for the Property and he contends that he is the rightful

4 owner.

5   6. VA contends that the foreclosure sale was void.  *See*

6 *Yunis v. United State of American*, --- F. Supp. 2d ---, No. CV

7 97-1863 RAP, 2000 WL (C.D. Cal. Jul. 24, 2000).  VA therefore

8 contends that the foreclosure sale and all subsequent sales

9 must be set aside, and that it is entitled, among other

10 things, to:

11     a. a judgment quieting title in it as of or about

12      September 11, 1997;

13     b. recovery *for* any damage to the Property;

14     c. damages for any diminution in the value of the

15      Property;

16 VA further contends that in setting aside the foreclosure sale

17 and in quieting title in VA, the Court would be required to

18 order VA to pay to the HOA the amount of the unpaid

19 assessments as of the foreclosure sale date, to order the HOA

20 to restore the net sale proceeds to the Foreclosure Company,

21 and to order the Foreclosure Company to restore the bid price

22 to the High Bidder.  Counterdefendants dispute each and all of

23 the above contentions.

24       <u>Compromise Agreement</u>

25   To avoid the costs and uncertainty of litigation, and in

26 consideration of the mutual covenants, promises and other

27 consideration set forth herein, Plaintiff, Defendants,

28 counterclaimant and counterdefendants do hereby agree and

4

stipulate to settle and compromise the above-entitled action on the terms indicated herein.

1. The High Bidder and subsequent purchaser Angell shall transfer their interest, if any, in the Property to VA. In particular, the High Bidder and subsequent purchaser Angell shall quitclaim their interest in the Property to VA. The High Bidder and subsequent purchaser Angell warrant that they have not conveyed the their alleged interest in the Property to any other person or entity. The High Bidder and Angell shall execute any title instruments necessary to restore VA's marketable title, as determined by VA's title company, including if necessary a stipulated judgment quieting title in VA as of September 11, 1997. The High Bidder and subsequent purchaser Angell shall further withdraw any lis pendens or other cloud upon VA's title filed or recorded, or caused to be filed or recorded, by High Bidder or subsequent purchaser Angell

2. If the High Bidder and subsequent purchaser Angell do not transfer their interest in the Property, then VA may at its sole option: (1) declare this agreement in default as to the High Bidder and subsequent purchaser Angell; or (b) pursue its own remedies to retake title of the Property.

3. VA shall pay to High Bidder and subsequent purchaser Angell, by check payable to Muhammad Yunis and Kendall L. Angell, the sum of $6,213.49 which represents the alleged expenses of the High Bidder and the subsequent purchaser Angell in acquiring and maintaining the property.

1      4.   VA agrees to permit the Foreclosure Company and the
2  HOA to retain the net sale proceeds they respectively obtained
3  from the purported foreclosure sale.
4      5.   The HOA agrees that its receipt and retention under
5  this agreement of the net sale proceeds from the purported
6  foreclosure sale constitutes satisfaction of VA's obligation
7  to pay HOA assessments up to the purported foreclosure sale
8  date of September 11, 1997.
9      6.   The HOA and the Foreclosure Company agree not to
10 proceed with nonjudicial foreclosure sales of residential
11 properties owned by VA or the Secretary of Veterans Affairs
12 ("VA"), whether held in the name of the Secretaries, their
13 Departments or the United States of America, unless expressly
14 authorized by subsequent federal statute, regulation or final
15 federal appellate court or Supreme Court decision binding on
16 all district courts in the Ninth Circuit.  The scope of the
17 agreement in this paragraph does not extend to the recording
18 of documents purporting to impose liens on VA/VA-owned
19 properties by the HOA or the Foreclosure Company for unpaid
20 assessments or to the filing and prosecution of a judicial
21 foreclosure proceeding or other lawsuit.  Conversely, the
22 agreement in this paragraph does not prejudice or waive the
23 HUD/VA's contention that private parties may not place a lien
24 on a HUD/VA-owned property, that private parties may not
25 judicially foreclose any pre-existing lien on a HUD/VA-owned
26 property, and that the HUD/VA is not legally liable for
27 payment of any costs related to the foregoing procedures. The
28 parties agree that this Court will retain nonexclusive

6

1 | jurisdiction to enforce the terms of the consent order and the
2 | consent judgment.

3 |     7.  This Stipulation is contingent upon, and in making
4 | this settlement VA is expressly relying upon the accuracy of,
5 | the representations made by the High Bidder and subsequent
6 | purchaser Angell in the Recitals.  Should these
7 | representations turn out to be false, VA at its sole option
8 | may declare this Stipulation in default and of no further
9 | effect as to the High Bidder and subsequent purchaser Angell.

10 |     8.  Should any party default under this Stipulation, the
11 | promisee may at its sole option seek to enforce the specific
12 | promise in default.  Once all promises set forth in this
13 | agreement have been performed, the parties shall submit a
14 | stipulation to dismiss with prejudice all remaining claims,
15 | the parties to bear their own costs, expenses and attorney
16 | fees, excepting the orders discussed above and over which this
17 | Court will retain nonexclusive jurisdiction.  The parties
18 | agree to submit either the stipulation to dismiss or a status
19 | report on the implementation of this compromise within 120
20 | days of the entry of an order approving this Stipulation.

21 |     9.  This Stipulation shall be effective upon the earlier
22 | of its lodging or filing with the Court.

23 |     10.  This Stipulation is entered into by the Secretary of
24 | Veterans Affairs on behalf of the United States of America and
25 | the United States Department of Veterans Affairs and affects
26 | the rights and duties of VA with respect to the Property.
27 | This Stipulation is not intended to affect any right or claim
28 | of VA with respect to any other property.

7

1    11. This Stipulation is not intended to affect any right
2 or claim of any other department, agency, instrumentality or
3 component of the United States of America ("Component"). The
4 reference to "VA" means, and refers to, the United States
5 Department of Housing and Urban Development and to no other
6 Component. This Stipulation is not to be construed as a
7 waiver of any other right or claim whatsoever including
8 without limitation any tax claim or right of setoff, which the
9 United States or a Component (other than VA with respect to
10 the Property) may have against Defendants or any other entity.
11    12. VA agrees that upon the plaintiff and counter-
12 defendants' performance of the promises herein, VA shall be
13 deemed to have relinquished the claims for relief asserted in
14 this action, excepting VA's quiet title claim for relief, and
15 that such claims for relief shall be deemed satisfied,
16 discharged, and fully settled.
17    13. Counterdefendants agree that upon VA's performance of
18 its promises herein, Counterdefendants shall be deemed to have
19 relinquished any and all claims, right, title and interest in
20 and with respect to the Property with the exception of such
21 rights a established by the HOA's Declaration of Covenants,
22 Conditions, and Restrictions recorded October 1, 1980, as
23 Instrument NO. 179609, as amended by supplementary
24 declarations recorded on October 14, 1980, and June 2, 1981,
25 and as may be amended in the future.
26    14. Each of the parties hereto shall bear its own costs
27 and expenses, including without limitation attorney fees
28 (including without limitation any attorney fees pursuant to

8

1  the Equal Access to Justice Act, *see, e.g.*, 5 U.S.C. § 504, 28

2  U.S.C. § 2412) incurred in connection with this action.

3      15.  Each of the parties represents and warrants to the

4  other that the party has not heretofore assigned or

5  transferred, or purported to assign or transfer, to any person

6  or entity, any claims or other matters herein settled.

7      16.  This Stipulation shall be binding upon and inure to

8  the benefit of the parties and their respective heirs,

9  affiliates, successors and assigns, and each of them.

10      17.  This Stipulation supersedes all previous

11  communications, notices, representations, denials, or

12  agreements, either verbal or written, between the parties

13  regarding the action herein.

14      18.  This Stipulation constitutes a single, integrated

15  written settlement expressing the entire agreement between the

16  parties hereto.  There are no other agreements, written or

17  oral, express or implied, between the parties hereto relating

18  to this settlement.

19      19.  Except as provided in the Recitals above, other than

20  the statements contained in the Stipulation, no party nor any

21  representative or attorney for any party has made or relied

22  upon any statement, promise or representation to any other

23  party in executing this Stipulation or in entering into the

24  settlement provided for herein.

25      20.  The Stipulation may be executed in counterparts and

26  by facsimile and each so executed counterpart, when the

27  *counterpart signature pages are integrated as one document,*

28  shall constitute the whole.

21.  Nothing in the Stipulation shall prevent the parties from asserting or reopening any claims against any other party arising out of fraud, concealment or misrepresentation of material fact on the part of the other.  The parties agree that specifically excluded from this Stipulation are any disputes or claims arising under the False Claims Act, 31 U.S.C. §§ 3729-3733.  The Stipulation shall not be binding on any party as to any issues other than those specifically settled herein.

22.  This Stipulation is entered into in settlement of the disputed claims described herein and does not constitute an admission against interest of any of the parties.  Each party understands that this Stipulation is made for the sole purpose of terminating a dispute among the parties, that no party admits any liability of any kind to the other party and that no action taken by either party in effectuating this Stipulation may be used in any future or pending demand, administrative proceeding, litigation, or similar action involving the parties, as an admission of liability in any respect.

23.  Except as otherwise specifically provided for herein, nothing contained herein is intended to confer upon any other person or entity any benefits, right, claims or remedies.

23.  The parties understand and agree that this Stipulation is executed for the sole purpose of settling the disputes between them and the issues described herein. Neither VA, on behalf of the United States, on the one hand, nor plaintiff and counter-defendants, on the other hand, shall

1  be deemed to have approved, accepted, or consented to any

2  concept, method, theory, principle, or statutory, regulatory

3  or contractual interpretation, underlying or supposedly

4  underlying any of the matters agreed to herein or raised in

5  connection with the issues settled herein. This Stipulation

6  shall have no precedential value and shall not be binding on

7  any party as to issues other than those specifically addressed

8  herein.

9      24. Nothing in this Stipulation or any other agreement

10  shall be construed so as to:

11          a.    Deprive a federal official of the authority to

12                revise, amend or promulgate regulations;

13          b.    Commit a federal official to expend funds not

14                appropriated by Congress; or

15          c.    Bar any party from seeking judicial relief to

16                enforce the terms of this Stipulation in any

17                court having jurisdiction over the parties to,

18                and the subject matter of, this Stipulation.

19      25. The parties each represent and warrant that the

20  person executing this Stipulation on each party's behalf has

21  been duly authorized by all necessary and appropriate action

22  to enter into this Stipulation. The federal signatory below

23  represents that he is signing this Stipulation in his official

24  capacity and that he is authorized to execute this

25  Stipulation.

26      26. The Stipulation may not be rescinded, canceled,

27  terminated, supplemented, amended or modified in any manner

28

whatsoever without the prior mutual written consent of all of the parties hereto.

27. Each of the parties has read this Stipulation, has had the opportunity to confer with counsel, and understands the contents herein. Plaintiff and counter-defendants warrant and represent to VA that they have carefully read the contents of this Stipulation and are signing the same as their own free act. Plaintiff and counter-defendants further warrant and represent that in executing this Stipulation they have relied on legal advice from their respective attorneys, who are their attorneys of choice, that the terms of this Stipulation and its consequences have been completely explained to them by their attorneys, and that they fully understand the terms of this Stipulation and its consequences.

28. This Stipulation shall not be interpreted against any party on the basis of the drafting of this Stipulation by any party.

29. This Stipulation shall be governed by federal law. Federal statutes and regulations, federal common law and general common law, in that order, shall to the fullest extent possible supply the rule of decision in resolving any dispute arising out of this Stipulation.

///
///
///
///
///

1    WHEREFORE, the parties pray for an order approving this

2  Stipulation and entering relief consistent therewith.

3        DATED: March 17, 2003.

4                                    DEBRA W. YANG
                                     United States Attorney
5                                    LEON W. WEIDMAN
                                     Assistant United States Attorney
6                                    Chief, Civil Division

7

8                                    RUSSELL W. CHITTENDEN
                                     Assistant United States Attorney
9                                    Attorneys for Defendants United
                                     States and Department of Veterans
10                                   Affairs and Counterclaimant United
                                     States
11       DATED: March 14, 2003.

12                                   JAMES J. MAZZEO

13

14                                   JAMES J. MAZZEO
                                     Attorneys for Plaintiff and
15                                   Counterdefendant Muhammad Yunis
                                     And Counterdefendant Kendall L.
16                                   Angell

17       DATED: March ___, 2003.

18

19       DATED: March ___, 2003.    MUHAMMAD YUNIS

20

21                                   KENDALL L. ANGELL

22       DATED: March ___, 2003.

23                                   MICHAEL D. MAY

24

25                                   MICHAEL D. MAY
                                     Attorneys for Counterdefendant
26                                   Coast Assessment Services Company

27

28

                                       13

1    WHEREFORE, the parties pray for an order approving this

2  Stipulation and entering relief consistent therewith.

3        DATED: March __, 2003.

4                                    DEBRA W. YANG
                                     United States Attorney
5                                    LEON W. WEIDMAN
                                     Assistant United States Attorney
6                                    Chief, Civil Division

7                                    _____

8                                    RUSSELL W. CHITTENDEN
                                     Assistant United States Attorney
9                                    Attorneys for Defendants United
                                     States and Department of Veterans
10                                   Affairs and Counterclaimant United
                                     States
11       DATED: March ___, 2003.

12                                   JAMES J. MAZZEO

13

14                                   _____
                                     JAMES J. MAZZEO
15                                   Attorneys for Plaintiff and
                                     Counterdefendant Muhammad Yunis
                                     And Counterdefendant Kendall L.
16                                   Angell

17       DATED: March ___, 2003.

18                                   _____
                                     MUHAMMAD YUNIS
19       DATED: March ___, 2003.

20                                   _____
                                     KENDALL L. ANGELL
21
         DATED: March ___, 2003.
22
                                     MICHAEL D. MAY
23

24                                   _____
                                     MICHAEL D. MAY
25                                   Attorneys for Counterdefendant
                                     Coast Assessment Services Company
26

27

28

                              14

1      WHEREFORE, the parties pray for an order approving this

2  Stipulation and entering relief consistent therewith.

3      DATED: March ___, 2003.

4                                          DEBRA W. YANG
                                           United States Attorney
5                                          LEON W. WEIDMAN
                                           Assistant United States Attorney
6                                          Chief, Civil Division

7

8                                          _____
                                           RUSSELL W. CHITTENDEN
                                           Assistant United States Attorney
9                                          Attorneys for Defendants United
                                           States and Department of Veterans
10                                         Affairs and Counterclaimant United
                                           States
11     DATED: March ___, 2003.

12                                         JAMES J. MAZZEO

13

14                                         _____
                                           JAMES J. MAZZEO
15                                         Attorneys for Plaintiff and
                                           Counterdefendant Muhammad Yunis
16                                         And Counterdefendant Kendall L.
                                           Angell

17     DATED: March ___, 2003.

18                                         _____
                                           MUHAMMAD YUNIS
19     DATED: March ___, 2003.

20                                         _____
                                           KENDALL L. ANGELL
21     DATED: ~~March~~ *APRIL* // , 2003.

22                                         MICHAEL D. MAY

23

24                                         _____
                                           MICHAEL D. MAY
25                                         Attorneys for Counterdefendant
                                           Coast Assessment Services Company

26

27

28


                               15/15

1    DATED: March *31*, 2003.

2                                  COAST ASSESSMENT SERVICES COMPANY

3                                  By: Donald J. Morger

4

5    DATED: March ___, 2003.

6

7                                  ROBIE & MATTHAI

8

9                                  KIM W. SELLERS
                                   Attorneys for Counterdefendant
10                                 Sky Meadows Association

11   DATED: March ___, 2003.

12                                 SKY MEADOWS ASSOCIATION

13

14                                 By:

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     DATED: March ___, 2003.

2                     COAST ASSESSMENT SERVICES COMPANY

3

4                     By:

5     DATED: March 27, 2003.

6

7                     ROBIE & MATTHAI

8

9                     KIM W. SELLERS

10                    Attorneys for Counterdefendant
Sky Meadows Association

11    DATED: March ___, 2003.

12                   SKY MEADOWS ASSOCIATION

13

14                   By:

15

16

17

18

19

20

21

22

23

24

25

26

27

28

417

1    DATED: March ____, 2003.

2                                   COAST ASSESSMENT SERVICES COMPANY

3

4                                   By: _____

5    DATED: March ____, 2003.

6

7                                   ROBIE & MATTHAI

8

9                                   _____
                                    KIM W. SELLERS
                                    Attorneys for Counterdefendant
10                                  Sky Meadows Association

11   DATED: March 27, 2003.

12                                  SKY MEADOWS ASSOCIATION

13

14                                  By: _____
                                             RANDY PARKER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14/18

## CONSENT ORDER

IT IS HEREBY ORDERED that:

1.   The Stipulation is approved.

2.   Sky Meadow Association shall not proceed with nonjudicial foreclosure sales of residential properties owned by the Secretary of Housing and Urban Development or the Secretary of Veterans Affairs, whether held in the name of the Secretaries, their Departments or the United States of America, unless expressly authorized by subsequent federal statute, regulation or final appellate court or Supreme Court decision binding on district courts in the Ninth Circuit.

3.   Coast Assessment shall not proceed with nonjudicial foreclosure sales of residential properties owned by the Secretary of Housing and Urban Development or the Secretary of Veterans Affairs, whether held in the name of the Secretaries, their Departments or the United States of America, unless expressly authorized by subsequent federal statute, regulation or final appellate court or Supreme Court decision binding on district courts in the Ninth Circuit.

4.   This Court shall retain nonexclusive jurisdiction to enforce this order.

5.   Within 120 days of the entry of an order approving this Stipulation, the parties shall submit either (1) the stipulation to enter consent judgment and dismiss all remaining claims for relief, or (2) a status report on the implementation of the compromise Stipulation set forth above.

DATED: March ___, 2003.       RICHARD A. PAEZ

   MAY - 1 2003

   _____
   HONORABLE RICHARD A. PAEZ
   United States Circuit Judge,
   Sitting by designation